**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

CARLOS CUESTA,

       Plaintiff,

v.

HARD ROCK CAFÉ INTERNATIONAL
(USA), INC. D/B/A HARD ROCK CAFÉ,

       Defendant.

_____/

## COMPLAINT

Plaintiff, CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HARD ROCK CAFÉ INTERNATIONAL (USA), INC. D/B/A HARD ROCK CAFÉ (hereinafter "Defendant" or "HARD ROCK CAFÉ INTERNATIONAL (USA), INC."), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.     Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.     At all times material, Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., owned and operated a commercial restaurant at 401 Biscayne Blvd, Miami, Florida 33132 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., holds itself out to the public as "Hard Rock Cafe."

6.     At all times material, Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Davie, Florida.

7.     Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

8.     Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and properties.

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and

2

pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12.    Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., owns, operates and/or oversees the respective business, located within the Commercial Property, that is the subject of this Action.

13.    Mr. Cuesta is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14.    He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Cuesta is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15.    The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

16.    The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about August 24, 2022 and on November 25, 2022 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in

order to avail himself of the goods and services offered there, and because it is approximately twenty (20) miles from his residence and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of filing this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

17.     The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property has each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and has endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

19.     Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, HARD ROCK CAFÉ INTERNATIONAL

(USA), INC., own and/or operate is located at 401 Biscayne Blvd, Miami, Florida 33132.

20.     Plaintiff, CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

21.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

22.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendant, HARD ROCK CAFÉ INTERNATIONAL (USA), INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant

has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that

Plaintiff encountered during his visit to the Commercial Property, include but are not limited to,

the following:

A.  Entrance Access and Path of Travel

i.    Accessible routes at Hard Rock Cafe Bayside have changes in level of (>3/4"),
      violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and
      creating hazardous conditions for Plaintiff. Plaintiff was unable to safely gain access
      to the lift without some assistance to get up to The Hard Rock Cafe due to a change in
      level > 3/4".

B.  Access to Goods and Services

i.    Counters are >36" high, violating Section 7.2 (1) of the ADAAG and preventing
      Plaintiff from using.

ii.   Aisles, hallways and corridors have ramps without proper handrails or landings,
      violating Section 4.26 of the ADAAG and endangering the Plaintiff. The ramp that
      leads to the restaurant dining area contains improper handrails.

C.  Restrooms

i.    There are exposed pipes in restrooms at Hard Rock Cafe Bayside, violating Section
      4.19.4 of the ADAAG and causing safety issues for Plaintiff.

ii.   Plaintiff is unable to reach dispenser controls 50.5" (48" AFF max), which exceed
      limits in Section 4.27 of the ADAAG and Section 308 of the 2010 ADAS. The soap
      dispenser in the accessible stall is mounted at a height that is > 48" AFF.

iii.  Plaintiff is unable to reach dispenser controls 69" (48" AFF max), which exceed limits
      in Section 4.27 of the ADAAG and Section 308 of the 2010 ADAS. The coat hook

located in the accessible stall is mounted at a height that is >48" AFF.

iv.     Grab bars at 49.5" do not comply with Section 4.26 of the ADAAG and Sections 604 and 609 of the 2010 ADAS, creating a hazardous condition for Plaintiff. The side grab bar in the accessible stall in the Hard Rock Cafe restroom does not extend to the required 54".

v.     Mounted items 5" above grab bar (12" min), violating Section 4.26 of the ADAAG and Section 609 of the 2010 ADAS and preventing use by Plaintiff. The disposable toilet seat dispenser is mounted at a height < 12" above the rear grab bar.

vi.     Mounted items 4" above grab bar (12" min), violating Section 4.26 of the ADAAG and Section 609 of the 2010 ADAS and preventing use by Plaintiff. The toilet paper dispenser in the accessible stall is mounted at a height < 12" above the side grab bar.

vii.     Toilet has improper centerline 18.5" from side wall; (16" to 18"), violating Section 604 of the 2010 ADAS and denying access to Plaintiff. The toilet in the accessible stall has an improper centerline > 18".

## RELIEF SOUGHT AND THE BASIS

24.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely

notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

25.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendant's buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

26.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operate the business, located at and/or within the commercial property located at 10520 SW 8th Street, Miami, Florida 33174, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until

such time as the Defendant cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS CUESTA, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 29, 2023.

> **GARCIA-MENOCAL & PEREZ, P.L.**
> *Attorneys for Plaintiff*
> 4937 S.W. 74th Court
> Miami, Florida 33155
> Telephone: (305) 553-3464
> Facsimile: (305) 553-3031
> Primary E-Mail: ajperez@lawgmp.com
> Secondary E-Mails: bvirues@lawgmp.com;
> dramos@lawgmp.com
>
>
> By: ___/s/_Anthony J. Perez_____
>     ANTHONY J. PEREZ
>     Florida Bar No.: 535451

BEVERLY VIRUES
Florida Bar No.: 123713